IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PATRICIA A. MEYERS, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 10-199-JJF-LPS |
| DENNIS L. SMITH and<br>HELEN S. STARCHIA, | : |
| Defendants. | : |

William J. Dunne, Esquire, Community Legal Aid Society, Inc., Wilmington, Delaware. Attorney for Plaintiff.

Dennis Lee Smith and Helen S. Starchia, Selbyville, Delaware. Pro se Defendants.

**MEMORANDUM OPINION**

May 12, 2010
Wilmington, Delaware

Farnan, District Judge

Defendants Dennis Lee Smith ("Smith") and Helen S. Starchia ("Starchia") (together "Defendants") removed this case from The Chancery Court of the State of Delaware, in and for Sussex County ("Chancery Court") on March 11, 2010. (D.I. 1.) Before the Court is the Motion For Remand of Plaintiff Patricia A. Meyers ("Plaintiff"), as well as other numerous Motions filed by Defendants. (D.I. 6, 11, 15, 17, 18, 21.) For the reasons discussed below, the Court will grant the Motion For Remand and will deny as moot the remaining Motions.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

This is the fourth case filed in this Court concerning the transfer or sale of real estate by Meyers to Smith, and efforts to rescind the transaction. In the first case, Smith v. Meyers, Civ. No. 07-525-JJF, filed on August 30, 2007, the Court denied a motion for injunctive relief and ultimately dismissed the case for failure to serve process. (Civ. No. 07-525-JJF at D.I. 4, 17.) Smith had alleged racial discrimination and conspiracy claims under 42 U.S.C. § 1981 and § 1985. On appeal, the United States Court of Appeals for the Third Circuit affirmed the denial of the motion for injunctive relief, noting that there was no real evidence of an intent to discriminate on the basis of race; rejected Smiths' bald assertions of racism, despotism, and judicial misconduct as unfounded and devoid of any real factual

2

support; and found that Smith failed to establish irreparable harm. Smith v. Meyers, 285 F. App'x 843 (3d Cir. 2008) (not published).

The second case, Meyers v. Smith, Civ. No. 09-579-JJF, filed August 6, 2009, removed Meyers v. Smith, Civ. A. No. 4739-MG ("Del. Ch. No. 4739-MG"), from the Chancery Court to this Court. The Chancery Court case alleges claims under Delaware law for breach of fiduciary duty, common law fraud, undue influence, and exploitation of an infirm adult, and seeks an order rescinding a deed executed by Meyers to Smith. Removal was not permitted and the case was summarily remanded to the Chancery Court. (Civ. No. 09-579-JJF at D.I. 4.) The Court also denied a Motion For Reconsideration. (Id. at D.I. 12.) No appeal was taken.

The third case, Smith v. Meyers, Civ. No. 09-814-JJF, filed October 29, 2009, sought a Temporary Restraining Order pursuant to Fed. R. Civ. P. 65 for vindication of civil rights. It, too, raised real estate issues similar to those in the previous two cases and made specific reference to Del. Ch. No. 4739-MG. Petitioners alleged that claims arose under 42 U.S.C. § 1981(a), 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1988, 31 U.S.C. § 3802, and criminal violations. The Court noted that the requisites for injunctive relief were not met, abstained from

3

exercising jurisdiction, and dismissed the case.[1] (Civ. No. 09-814-JJF at D.I. 19, 20.)

On March 11, 2010, Smith and Starchia filed a Notice Of Removal of Del. Ch. No. 4739-MG, the same case they attempted to remove in Meyers v. Smith, Civ. No. 09-579-JJF. Defendants invoke 28 U.S.C. § 1443(1) and (2) and § 1446, and the Notice Of Removal states that it is "based on new evidence grounds for removal/pattern of repeated unconstitutional fraud, invidious discrimination, due process rights violation, and chain conspiracy violations against civil rights intentionally violated by the State of Delaware Court of Chancery's Chancellor William B. Chandler III and his staff."[2] (D.I. 1.)

Plaintiff responded to the Notice Of Removal with a Motion For Remand on the grounds that there is no evidence of a federal question, there are no issues related to any equal rights act or law, and there was a prior unsuccessful attempted at removal. Additionally, Plaintiff contends that the Notice Of Removal is untimely. She seeks an order remanding the case to the Chancery Court, costs and expenses, including reasonably attorney fees, and such other and further relief as equitable and proper. (D.I. 6.)

---

[1] A Motion For Reconsideration is currently pending in Civ. No. 09-814-JJF at D.I. 21.

[2] The first attempt at removal was also based upon 28 U.S.C. § 1443(2) and § 1446. Meyers v. Smith, Civ. No. 09-579-JJF, D.I. 4, ¶ I.)

4

Defendants oppose remand and argue that this second Notice Of Removal is based upon new, serious grounds including race discrimination. They further contend removal is timely. (D.I. 18.)

## II. REMOVAL

The exercise of removal jurisdiction is governed by 28 U.S.C. § 1441(a) which states that, in order to remove a civil action from state court to federal court, a district court must have original jurisdiction by either a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332, 1441(a). The statute is strictly construed, requiring remand to state court if any doubt exists over whether removal was proper. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 104 (1941). A court will remand a removed case "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The party seeking removal bears the burden to establish federal jurisdiction. Steel Valley Auth. v. Union Switch & Signal Div. Am. Standard, Inc., 809 F.2d 1006, 1010 (3d Cir. 1987); Zoren v. Genesis Energy, L.P., 195 F. Supp. 2d 598, 602 (D. Del. 2002). In determining whether remand based on improper removal is appropriate, the Court "must focus on the plaintiff's complaint at the time the petition for removal was filed," and assume all factual allegations therein are true. Steel Valley Auth., 809 F.2d at 1010.

5

## III. DISCUSSION

Section 1446(b) provides that "a notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b). The term "initial pleading" as contained in §1446(b), refers to the Complaint. See Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 223 (3d Cir. 2005). If the case stated by the initial pleading is not removable, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Id.

The verified Complaint in Del. Ch. No. 4739-MG was filed on July 2009. The Court notes that in Civ. No. 09-579-JJF, Smith indicated he was advised that he would be served on August 5, 2009. (Civ. No. 09-579-JJF, D.I. 4.) It is evident from Defendants' exhibits that Del. Ch. No. 4739-MG is an on-going case in the Chancery Court, and Defendants were served with the

Complaint, have notice, and have participated in the case since at least October 30, 2009. (See D.I. 2, Vol. 2, ex. A, ¶ 11 ("on October 30, 2009, Defendant [Smith] filed a temporary restraining order and amended show cause order at 4:29 p.m., but the Court of Chancery did not docket/efile these documents until November 2, 2009 civil case No. 4736 - MG."). This most recent Notice Of Removal was not filed until March 11, 2010, well after the thirty-day time requirement as set forth by § 1446(b). Hence, Defendants' failure to timely file the Notice Of Removal following service of the initial pleading renders the removal procedurally defective.

It may be that Defendants filed the Notice Of Removal in Response to a February 12, 2010 Order issued in Del. Ch. No. 4739-MG by Chancellor William B. Chandler. (D.I. 1, ex. C.) Defendants refer to the Order as a "fraudulent court order," and the Notice Of Removal was filed on March 11, 2010, within thirty days from the Order. (D.I. 18.) Defendants' new attempt at removal is based upon 42 U.S.C. § 2000a, § 2000a-1, and § 20002-1, the alleged unclean hands of the Court of Chancery Chancellor, an alleged "cover-up" and conspiracy, federal criminal statutes. (D.I. 1.) The February 12, 2010 Order did not cause this case to become removable. Indeed, despite Defendants' new theories, nothing has changed except their displeasure with Chancery Court rulings. Their displeasure, however, does not provide grounds

for removal. Moreover, Defendants have a remedy available to them in State Court. Exhibits indicate that Defendants filed a motion for relief from judgment (apparently from the February 12, 2010 Order), denied on March 4, 2010, and were advised that they could file an automatic and direct appeal with the Delaware Supreme Court. (D.I. 1, ex. Mar. 4, 2010 Order.)

Finally, as discussed in prior Court rulings, the underlying Chancery Court case alleges claims under Delaware law and this Court does not have jurisdiction as the parties are not diverse. Once again, Defendants have failed to provide grounds for removal. Therefore, the Court will summarily remand the case.

## IV. CONCLUSION

For the above reasons, the Court will summarily remand the case to The Chancery Court Of The State Of Delaware, in and for Sussex County. Defendants are placed on notice that future Notices of Removal for Del. Ch. No. 4739-MG will not be considered, will be summarily remanded, and may subject Defendants to sanctions.

An appropriate Order will be entered.