IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PATRICIA A. MEYERS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 10-199-JJF-LPS |
| | : | |
| DENNIS L. SMITH and | : | |
| HELEN S. STARCHIA, | : | |
| | : | |
| Defendants. | : | |

### MEMORANDUM ORDER

**I.   BACKGROUND**

On March 11, 2010, Defendants Dennis Lee Smith ("Smith") and Helen S. Starchia ("Starchia") (together "Defendants") removed this case, <u>Meyers v. Smith</u>, Civ. A. No. 4739-MG ("Del. Ch. No. 4739-MG"), from The Chancery Court of the State of Delaware, in and for Sussex County ("Chancery Court"). (D.I. 1.) On May 12, 2010, the Court remanded the case to the Chancery Court. (D.I. 22, 23.)  Before the Court is Smith's Motion To Stay and Motions For Relief From Judgment Or Order. (D.I. 26, 27, 28.)  For the reasons discussed below, the Court will deny the Motions.

**II.   STANDARD OF REVIEW**

By his Motion To Stay Smith requests the Court to uphold his rights under the Thirteenth and Fourteenth Amendments to the United States Constitution. (D.I. 26.)  By his Motions For Relief, Smith seeks relief from the Court's May 12, 2010 Memorandum Opinion and Order pursuant to Fed. R. Civ. P. 60(b)(3) based upon extrinsic fraud and invidious racial discrimination.

(D.I. 27, 28.)

Rule 60(b)(3) provides for relief from judgment by reason of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct by an opposing party."[1] Fed. R. Civ. P. 60(b)(3). "In order to sustain the burden of proving fraud and misrepresentation under Rule 60(b)(3), the evidence must be clear and convincing," Brown v. Pennsylvania R.R. Co., 282 F.2d 522, 527 (3d Cir. 1960) (citations omitted), and "cannot serve as an attempt to relitigate the merits." Fleming v. New York Univ., 865 F.2d 478, 484 (2d Cir. 1989). Rule 60(b)(3) "is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." Hesling v. CSX Transp., Inc., 396 F.3d 632, 641 (5th Cir. 2005) (citation omitted).

Rule 60(b)(3) concerns litigation-related fraud perpetrated in the course of litigation that interferes with the process of adjudication. Roger Edwards, LLC v. Fiddes & Son Ltd., 427 F.3d 129, 134 (1st Cir. 2005). Once such fraud is proved, the judgment may be set aside upon the movant's showing that the fraud "'substantially interfered with [the movant's] ability fully and fairly to prepare for, and proceed at, trial.'" Tiller v. Baghdady, 294 F.3d 277, 280 (1st Cir. 2002) (citation

---

[1] A Rule 60(b)(3) motion must be filed no more than one year after entry of the judgment or order or the date of the proceeding. Fed. R. Civ. P. 60(c)(1).

omitted). "To prevail, the movant must establish that the adverse party engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case. For example, failure to disclose or produce evidence requested in discovery can constitute Rule 60(b)(3) misconduct." Stridiron v. Stridiron, 698 F.2d 204, 207 (3d Cir. 1983). Typical Rule 60(b)(3) fraud cases involve fraud or misstatements perpetrated in the course of litigation or other misconduct aimed directly at the trial process. Tiller v. Baghdady, 294 F.3d 277, 280 (1st Cir. 2002) (citation omitted).

## III. DISCUSSION

Smith contends that the Court's May 12, 2010 Memorandum Opinion and Order violate 18 U.S.C. § 1001, because they were criminally designed "to cover up for the State of Delaware de facto Sussex Court of Chancery's Chain Conspirators" by unconstitutionally and illegally remanding this case.[2] He contends that the undersigned had clear knowledge that the May 12, 2010 Memorandum Opinion and Order "contradict[] and concealed/covered-up his first Court Order dated March 19, 2010, which did not remand" this case. Smith contends that "this extrinsic fraud and invidious racial discrimination against his 'equal civil rights' must stop as a matter of equal protection

---

[2]Section 1001 is a criminal statute regarding false statements and representations. 18 U.S.C. § 1001.

3

law, to prevent vicarious liability (42 U.S.C.A. § 1985(3) § 1986) and unconstitutional manifest injustice/miscarriage of justice." (D.I. 28.)

After reviewing Smith's submissions, the Court concludes that he is not entitled to relief under Rule 60(b)(3). Smith's Motions consist of unsupported allegations. He did not produce evidence of material misrepresentations sufficient to satisfy the standard for relief under Rule 60(b)(3) (i.e., that the fraud was committed by the opposing party). Indeed, Smith's Motions refer to "fraud" that was allegedly committed by the undersigned, consisting of rulings adverse to Smith. See Smith v. Dell, Inc., Civ. No. No. 06-2496-B/V, 2007 WL 3232037 (W.D. Tenn. Oct. 31, 2007); Ankele v. Johnson, Civ. No. 04-4811-JW, 2005 WL 1459553 (N.D. Cal. June 21, 2005). Rule 60(b)(3), on its face, pertains to misconduct "of an adverse party" and, not as Smith suggests, that the Court has committed fraud. It is also not intended to relitigate the merits of a case. Accordingly, the Court concludes that Smith is not entitled to relief under Rule 60(b)(3).

It is evident to the Court, however, that Smith's real intent is to request the Court to reconsider its Order remanding this case to Chancery Court. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café ex

rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). The Court concludes that Smith has failed to demonstrate any of the grounds necessary to warrant reconsideration. Accordingly, the Court will deny the pending Motions.

    NOW THEREFORE, IT IS ORDERED that:

    1. The Motion To Stay is **DENIED**. (D.I. 26.)

    2. The Motions for Relief from Judgment or Order are **DENIED**. (D.I. 27, 28.)

July 13, 2010
DATE

UNITED STATES DISTRICT JUDGE