## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

PATRICIA A. MEYERS,                          :
                                             :
        Plaintiff,                         :
                                             :
  v.                                         :    Civ. No. 10-199-LPS
                                             :
DENNIS L. SMITH and HELEN S. STARCHIA,  :
                                             :
        Defendants.                        :

## MEMORANDUM ORDER

At Wilmington this 23rd day of December, 2010, having considered the pending motions:

IT IS HEREBY ORDERED that:

1.     Defendants removed this case from The Chancery Court of the State of Delaware, in and for Sussex County on March 11, 2010. (D.I. 1) On May 12, 2010, the Court summarily remanded the case to State Court. (D.I. 22) The Court's memorandum opinion and order provide detail of Defendants' efforts to rescind a real estate transaction by either removing cases or filing new cases. Following the remand order, Defendants filed a motion to stay and motions for relief from judgment order. The Court found that Defendants were not entitled to reconsideration of its May 12, 2010 Order, were not entitled to Rule 60 relief, and denied their motions on July 13, 2010. (D.I. 38) Defendants' motion to stay was denied in the same memorandum order. Unhappy with the rulings, Defendants filed another motion to stay and a motion for reargument (D.I. 39, 40) followed by fifteen other motions (D.I. 45, 46, 51, 52, 54, 56, 62, 63, 65, 66, 70, 73, 75, 76, 81).

2.      The Court has denied reconsideration of its prior rulings.  It is well established that the purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  "A proper Rule 59(e) motion . . . must rely on one of three grounds:  (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

3.      As previously determined, Defendants have failed to demonstrate any of the aforementioned grounds to warrant a reconsideration of the Court's order remanding this case to State Court.  Therefore, the motion for reargument is DENIED.  (D.I. 40)

4.      Defendants numerous other filings are vexatious, abusive of the system, and in many instances duplicative.  They are DENIED as moot.  (D.I. 39, 45, 46, 51, 52, 54, 56, 62, 63, 65, 66, 70, 73, 75, 76, 81).

5.      The Court does not have jurisdiction over this case.  Defendants are placed on notice that future filings will be docketed, but not considered by the Court.

_____
UNITED STATES DISTRICT JUDGE